IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS CAFARO,                    )
                                  )
            Plaintiff,            )    Civil Action No. 05-0032
                                  )    Judge Joy Flowers Conti/
      vs.                         )    Magistrate Judge Sensenich
                                  )
HIGHMARK, INC., T. JEFF           )
ALLSHOUSE, and DEL GEALY,         )    Re:  Doc. #38
                                  )
            Defendants.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is recommended that Defendants' Partial Motion to Dismiss for failure to state a claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted and that Count I be dismissed and Counts II and III be dismissed as to Defendants T. Jeff Allshouse and Del Gealy.[1]

### II.  REPORT

Thomas Cafaro, hereinafter "Plaintiff", commenced this lawsuit on January 12, 2005, against his former employer Highmark, Inc., hereinafter "Defendant Highmark". Plaintiff is proceeding pro se, and has amended his complaint multiple times. In his most current amendment to the complaint, Plaintiff added

---

[1] If this Report and Recommendation is adopted as the opinion of the Court no claims will remain against Defendants Allhouse and Gealy, and only Counts II and III will remain against Defendant Highmark.

his former manager, T. Jeff Allshouse, and Mr. Allhouse's supervisor, Del Gealy, as defendants. (Doc. #36). Messrs. Allhouse and Gealy will be hereinafter collectively referred to as "the Individual Defendants".

Plaintiff's Complaint asserts three counts against all defendants. Count I is a claim for retaliatory discharge under Pennsylvania law, and Counts II and III allege that Plaintiff was terminated in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff seeks compensatory and punitive damages from all Defendants. He does not seek injunctive relief.

Defendants' argue in their Motion to Dismiss that Plaintiff failed to state a claim for retaliatory discharge and that Plaintiff can not maintain an ADA claim against the Individual Defendants. (Doc. #39). Defendants request that Counts II and III against the Individual Defendants be dismissed and that Count I be dismissed as to all defendants.

### A.   Factual Background

Plaintiff worked for Defendant Highmark from June 1998 until August 6, 2003, when he was terminated. (Am. Compl., Doc. # 36 at 4 and 5; Answ. Doc. #40 at 3 and 4.) Plaintiff alleges that Defendants terminated him in retaliation for allegedly identifying, and attempting to rectify, a data falsification

issue that he discovered in Defendant Highmark's High Pricing System program. (Doc. # 36 at 4.)

Further, Plaintiff asserts that he suffers from depression, bipolar disorder, and a visual disorder. (Id. at 2-3.) He claims that he made requests for reasonable accommodation for these conditions, including a larger computer monitor, working from home, obtaining meeting notes prior to meetings for reading at home, using earned compensation time or FMLA time for personal/medical reasons, and an end to workplace harassment of him. (Id. at 8.)

Defendants assert that Plaintiff's only request was for a larger computer screen, and that it was provided for him. (Answ., Doc. 40 at 6.)

### B.   **Standard for Motion to Dismiss**

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations made in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the plaintiff.  *See* Blaw Knox Retirement Income Plan v. White Consol. Indust., 998 F.2d 1185, 1188 (3d Cir. 1993); Ditri v. Coldwell Banker Residential Affiliates, 954 F.2d 869, 871 (3d Cir. 1992).  The issue is not whether the plaintiff will ultimately prevail, but rather whether he can support his claim

by proving *any* set of facts that would entitle him to relief. *See* <u>Hishon v. King & Spalding</u>, 467 U.S. 69 (1984).  Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."  *See* <u>Port Auth. v. Arcadian Corp</u>, 189 F.3d 305, 311 (3d Cir. 1999).

To survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may reasonably be inferred.  <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). It is the defendant who bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted.  <u>Gould Elect., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).

### C. <u>Discussion</u>

### 1. Count I

Defendants' Motion to Dismiss is premised upon two legal principles. First, as to Count I, his claim that he was terminated in retaliation for his attempts to rectify the problem in the High Pricing System, Defendants argue that under Pennsylvania law, Plaintiff must do more than assert that he was terminated in violation of a public policy of the Commonwealth of Pennsylvania. (Doc. # 39 at 5.) They assert that in Count I he fails to state a claim for retaliatory discharge under

4

Pennsylvania law. (Id.) They argue that a claim for retaliatory discharge in violation of public policy requires a showing that "a clear mandate of public policy in this commonwealth" was implicated by the termination. (Doc #39 at 4, citing McLaughlin v. Gastrointestinal Specialists, Inc., 750 A.2d 283, 287 (Pa. 2000)(Dismissal of claim for wrongful discharge affirmed. Alleged violation of federal statute (O.S.H.A.) did not allege a violation of public policy of Pennsylvania). Followed by Wetherhold v. RadioShack Corp., 339 F.Supp. 2d 670, 674 (E.D.Pa. 2004). Defendants further note that internal complaints or grievances made only to an individual's own employer can not implicate a public policy of the commonwealth. (See Id. at 5, citing McLaughlin, 750 A.2d at 288-289).

In response to Defendants assertions, Plaintiff seems to have abandoned this claim in his Response to Defendants' Motion to Dismiss. (Doc. #44.)  He merely states in his Response that he will offer proof of a disability, that a reasonable accommodation was requested, that a reasonable accommodation was not granted, and that he suffered an adverse employment action. (Id. at 2.) These assertions are related to his ADA claim and not to his claim that he was terminated in violation of the public policy of the Commonwealth of Pennsylvania in retaliation for his attempts to rectify problems in Defendants' High Pricing System program. In Pennsylvania:

there exists an 'extremely strong' presumption that an

5

> employee is employed 'at-will' unless a specific public
> policy exception applies. Thus, in Pennsylvania, an
> employer retains the right to terminate an employee for
> any reason (or no reason at all) unless the parties are
> bound by contract. The Pennsylvania Supreme Court has
> 'steadfastly resisted any attempt to weaken the
> presumption of at-will employment' in the Commonwealth.
> However, an employee is entitled to bring a cause of
> action for termination in a very narrow set of
> circumstances where such termination would violate 'a
> clear mandate of public policy' of the Commonwealth.

Wetherhold, 339 F.Supp. 2d at 673, citing McLaughlin,750 A.2d at

286-290 (internal citations omitted). The federal courts have

recognized that "Pennsylvania courts have only permitted

employees to proceed with wrongful discharge cases when public

policy concerns are clear, and when the actions of the respective

plaintiffs directly implicate a Pennsylvania law, legal duty, or

the exercise of a fundamental right." Wetherhold, 339 F.Supp. 2d

at 674 (internal citations and quotations omitted).

   Plaintiff has not identified a "a Pennsylvania law, legal

duty, or ... a fundamental right" which would be implicated by

his actions. Therefore, it is recommended that Defendants' Motion

to Dismiss Count I of Plaintiff's Complaint be granted.


   **2. Counts II and III**

   Counts II and III of the complaint allege that the

Individual Defendants are liable under the ADA in their

individual capacities. (Doc. #36 at 5-9). The general rule is

that there is no individual liability for damages under Title I

6

of the ADA. <u>Koslow v. Pennsylvania</u>, 302 F.3d 161, 178 (3d Cir. 2002).

The Court of Appeals for the Third Circuit affirmed a portion of District Court's opinion that held that "the ADA does not contemplate such 'individual, or supervisor, liability.'" <u>Koslow</u>, 302 F.3d at 176. The Court held that Title I of the ADA will allow a claim against a state official in his representative capacity, but that Title I will not allow an ADA claim to proceed against the official in his individual capacity. See <u>Koslow</u>, 302 F.3d at 176-78.  The narrow exception of official liability for Title I claims is not applicable in this case because the Individual Defendants are not state officials acting in an official capacity.

Therefore, Plaintiff's claim that he was terminated in violation of Title I of the ADA is not a valid cause of action against the Individual Defendants. It is recommended that Defendants' Motion to Dismiss Counts II and III as to the Individual Defendants be granted.

III. <u>**CONCLUSION**</u>

For the foregoing reasons, it is recommended that Defendants' Partial Motion to Dismiss for failure to state a claim filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted and that Count I be dismissed and

Count II be dismissed as to Defendants T. Jeff Allshouse and Del Gealy.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


                                   /s/ Ila Jeanne Sensenich
                                  ILA JEANNE SENSENICH
                                  United States Magistrate Judge

Dated:    March 16, 2006


cc:  The Honorable Joy Flowers Conti
     United States District Judge

     Thomas Cafaro
     1422 Bristol Drive
     South Park, PA 15129

     Abigail D. Flynn-Kozara, Esquire
     Martha Hartle Munsch, Esquire
     Reed Smith
     435 Sixth Avenue
     Pittsburgh, PA 15219-1886